**Mohinderpal SONI, Petitioner,**

v.

**Alberto R. Gonzales,\* Respondent.**

**No. 05–0797–AG.**

United States Court of Appeals, Second Circuit.

March 23, 2006.

Adam Paskoff; Paskoff & Tamber, LLP, New York, NY, for Petitioner.

Melissa S. Mundell, Assistant United States Attorney (for Lisa Godbey Wood, United States Attorney for the District of Georgia); Savannah, Georgia, for Respondent.

PRESENT: Hon. PIERRE LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,\*\* Chief District Judge.

## SUMMARY ORDER

Petitioner Mohinderpal Soni ("Soni"), a native and citizen of India, petitions for

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

\*\* The Honorable K. William Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation

**900**

review of an order of the Board of Immigration Appeals ("BIA"), affirming without an opinion a decision of an Immigration Judge ("IJ"). When the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Familiarity with the record below and issues on appeal is presumed.

Under Immigration and Nationality Act ("INA") § 237(a)(3)(B)(iii) "[a]ny alien who has been convicted of a violation of, or attempt or a conspiracy to violate, section 1546 of Title 18 (relating to fraud and misuse of visas, permits, and other admission documents), is deportable." 8 U.S.C. § 1227.

On December 16, 1999, Soni was convicted in the Southern District of New York of making a false statement in connection with an Immigration application pursuant to 18 U.S.C. § 1546. Petitioner was subsequently charged with being removable under INA § 237 and the IJ found him deportable as charged. The BIA summarily affirmed the IJ's decision.

INA § 207 unambiguously provides that if an individual is convicted under 18 U.S.C. § 1546, he is deportable. Soni concedes that he was convicted under 18 U.S.C. § 1546, but argues that the IJ was required to consider, but failed to consider, the materiality of his false statement. 8 U.S.C. § 1227 is triggered by the fact of the conviction. The section contains no materiality requirement. The IJ correctly found that the petitioner was deportable pursuant to INA § 207 as a result of his conviction.

We have considered petitioner's remaining contentions and find them to be without merit. The petition for review is therefore DENIED.